■ In the Matter of RUSSELL M. PECORARO, Respondent, v EDWARD J. MAHONEY et al., Constituting the Erie County Board of Elections, et al., Respondents, and STANLEY M. BOLAS et al., Appellants.—Order reversed, without costs and petition reinstated.

Memorandum: In this proceeding petitioner sought to invalidate the designating petition of the Conservative Party nominating Alfreda Slominski and appellants Richard J. Arcara and Stanley M. Bolas for public offices in the County of Erie. We disagree with Special Term's determination that two filings by respondents constituted a single petition and that minor errors in the form of the petition filed July 8, 1985 rendered it invalid. The cover sheet on the petition filed July 8, 1985 stated that the petition consisted of one volume containing 87 pages and 1,006 signatures and was "No. 1 of 1 Volumes." On July 10, 1985, respondents filed a second petition which the cover sheet stated consisted of 19 pages and 265 signatures and was "No. 2 of 2 Volumes." The Board of Elections treated the documents as two separate petitions and invalidated the petition filed July 10, 1985 because it did not contain the required number of signatures. Special Term invalidated the petition after finding the two filings are one and not separate designating petitions and that respondents failed to comply with Election Law § 6-134 (2).

Special Term erred in looking behind the petitions to determine whether respondents intended the two filings to be treated as a single petition. These candidates did not request, and the Election Law does not require, that separate filings must be combined into a single petition. The petition filed on July 8, 1985, standing alone, complies with Election Law § 6-134 (3) and is deemed to constitute one petition. The juxtaposition of several numbered pages, the understatement of the number of signatures and the inclusion of several pages containing signatures for other candidates and an unnumbered page may be deemed inconsequential and insignificant in the absence of any claim of fraud. Under the circumstances there was substantial compliance with Election Law § 6-134 (2) *(Matter of Jonas v Black,* 63 NY2d 685, *affg* 104 AD2d 466).

All concur, except Doerr, J. P., who dissents and votes to affirm for reasons stated at Special Term. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—Election Law.) Present—Doerr, J. P., Boomer, O'Donnell and Schnepp, JJ. (Decision entered Aug. 21, 1985.)